IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
QUENTON D. HOLMAN,            )
                              )
        Plaintiff,            )
                              )
    v.                        )       1:23CV618
                              )
A.T. WIGGS, et al.,           )
                              )
        Defendant(s).         )
```

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner originally arrested by state authorities, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names two agents employed by North Carolina's Alcohol Law Enforcement Division (the ALE), A.T. Wiggs and K. Kluttz, the ALE itself, an Unidentified Duke Campus Police Officer working for Duke University, and the Duke University Campus Police Department as Defendants. He seeks damages, as well as injunctive relief in the form of investigations of the uses of force alleged in the Complaint, a court-directed investigation into surveillance operations of the ALE, and discipline or termination for the individual Defendants.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

-2-

As for the final ground for dismissal under 28 U.S.C. § 1915A(b)(2), it generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, some portions of the Complaint should proceed but others should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted or seek monetary damages from a defendant with immunity from such relief.

The Complaint alleges that Defendants Wiggs and Kluttz arrested Plaintiff and that, while Plaintiff was handcuffed, Kluttz pulled him to his knees, Wiggs delivered a forearm blow that knocked Plaintiff to the ground and immobilized him, and Kluttz then proceeded to repeatedly strike Plaintiff's torso with his knee, breaking several of Plaintiff's ribs. The Unidentified Officer allegedly helped to subdue Plaintiff initially, but then backed off and simply watched without intervening as Wiggs and Kluttz assaulted Plaintiff. These

allegations are sufficient to state claims for relief against these three Defendants in their individual capacities at this time.

The Complaint also names the individual Defendants' employers, the ALE and the Duke University Police Department, as Defendants in their official capacities only. These attempted claims fail. As an initial matter, the Complaint contains no basis for liability by these entities other than, apparently, their employment and supervision of the individual Defendants. This is not sufficient because theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Further, the ALE is a state agency, but states and their agencies are not "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The Complaint also names Defendants Wiggs and Kluttz in their official capacities, but a suit against a state official in their official capacity is a suit against the State or the official's agency. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Although a state official can be named in his or her official capacity, the Eleventh Amendment to the United States Constitution limits any relief to a prospective injunction to remedy an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). The Complaint requests injunctive relief but it does alleges any ongoing violation of Plaintiff's rights or request a proper injunction because it seeks investigations and employment sanctions against the individual Defendants. The Court does not conduct or direct investigations and does not control employment decisions. Accordingly, the request for

-4-

injunctive relief is not proper and the claims against the ALE and its officers in their official capacities should be dismissed.

As for the Duke University Campus Police Department, there may be questions as to whether it is a separate entity capable of being sued and whether, given that Duke University is a private university, it is a state actor in this situation. However, these are not matters of concern because, as already stated, the Complaint gives no basis for liability by the Police Department other than its employment of the Unidentified Officer. Theoretically, it could be held liable directly or through the official capacity claim against its officer if its policies led to a violation of Plaintiff's civil rights. Austin v. Paramount Parks, Inc., 195 F. 3d 715, 728 (4th Cir. 1999) (allowing liability for private corporations where their policies allegedly cause a deprivation of federal rights). However, the Complaint contains no facts regarding such a policy. Therefore, it does not state a claim either as to the Police Department directly or as to the Unidentified Officer in his official capacity. These claims should also be dismissed and only Plaintiff's individual capacity claims against the three individual Defendants should proceed.

As for Plaintiff's request to proceed *in forma pauperis* it will be granted for the sole purpose of entering this Order and Recommendation. Further, § 1915(b)(1) requires that he make an initial payment of $9.07. Failure to comply with this Order will lead to dismissal of the Complaint. The Court will also order that Plaintiff's custodian deduct the remainder of the filing fee from Plaintiff's prison trust account in monthly installments as funds become available.

Finally, Plaintiff also filed a Motion (Docket Entry 4) seeking an appointment of counsel and a set of Interrogatories and Request for Production of Documents (Docket Entry 5).  Regarding the latter filing, parties do not need to file discovery requests with the Court.  More importantly, there is no service or answer in the case and the Court has not set a discovery schedule.  Therefore, the Interrogatories and Request for Production are premature and will be stricken from the record.  As for the request for counsel, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court.  It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).  In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).  "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel).  Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

-6-

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for his claims that survive and does not lack the capacity to present those claims. Therefore, Plaintiff's Motion seeking counsel will be denied. If circumstances change, the Court can revisit the matter.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $9.07. Failure by Plaintiff to comply with this Order will result in the dismissal of any surviving claim(s).

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 4) seeking an appointment of counsel is denied and that Plaintiff's Interrogatories and Request for Production of Documents (Docket Entry 5) is stricken from the record.

IT IS RECOMMENDED that Plaintiff's individual capacity claims against Defendants Wiggs, Kluttz, and the Unidentified Duke Campus Police Officer be allowed to proceed but that all other claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to

state a claim upon which relief may be granted or seeking monetary relief against a defendant who is immune from such relief.

This, the 9th day of August, 2023.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**