IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| QUENTON D. HOLMAN,<br><br>Plaintiff,<br><br>v.<br><br>A.T. WIGGS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:23-cv-618 |

**ORDER**

This matter is before this court for review of the Order and Recommendation ("Recommendation") filed on August 9, 2023, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 7.) In the Order and Recommendation, the Magistrate Judge denied Plaintiff's request for appointment of counsel and recommends that Plaintiff's individual capacity claims against Defendants Wiggs, Kluttz, and the Unidentified Duke Campus Police Officer be allowed to proceed but that all other claims be dismissed. (Id.) Plaintiff filed objections to the Order and Recommendation, (Doc. 10), in which he (i) conceded the propriety of the dismissal of his official capacity claims, but objected to the dismissal of his claims against Duke University Campus Police as premature and (ii) argued for appointment of counsel.

This court must "modify or set aside any part of the [Magistrate Judge's O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In addition, this court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed Plaintiff's objections and finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law. See, e.g., Williams v. Moore, Civ. Action No. 4:13-149, 2013 WL 967975, at *2 (D.S.C. Mar. 12, 2013) (explaining that "the law is clear that there is no right to appointed counsel in § 1983 cases" and that discretionary appointment of counsel "should be allowed only in exceptional cases" (internal quotation marks omitted)). This court therefore affirms the Magistrate Judge's Order. Having appropriately reviewed the Recommendation, this court has also made a de novo determination which is in accord with the Magistrate Judge's Recommendation. The Court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that Plaintiff's objections, (Doc. 10), are **OVERRULED** and that the Magistrate Judge's Order and Recommendation, (Doc. 7), is **AFFIRMED** and **ADOPTED. IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against Defendants Wiggs, Kluttz, and the Unidentified Duke Campus Police Officer are allowed to proceed but that all other claims are dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted or seeking monetary relief against a defendant who is immune from such relief.

This the 8th day of September, 2023.

William L. Osteen, Jr.
United States District Judge